UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEXANDR KLIMASHEVSKY, | |
| Plaintiff, | |
| v. | Case No. 21-cv-01291-JPG |
| DRUG ENFORCEMENT ADMINISTRATION, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Alexandr Klimashevsky ("Plaintiff" or "Klimashevsky") Motion for Summary Judgment. (Doc. 16). Defendant Drug Enforcement Administration ("Defendant" or "DEA") filed a response to Plaintiff's motion. (Doc. 22). There is no reply on file. The issues in this motion stem from whether the DEA gave adequate notice to Klimashevsky of the forfeiture and whether Klimashevsky's claim was timely. Based on the reasons set forth in this order, the Court will deny the motion.

I. **Factual and Procedural Background**

On March 3, 2021, DEA Task Force Officer Kevin Thebeau ("TFO Thebeau") and Task Force Officer Angelique Sarmento ("TFO Sarmento") conducted a traffic stop on a 2018 Mercedes Sprinter Van in Troy, Illinois. Klimashevsky was the driver. Based on Klimashevsky's statements, the TFOs believed he and the vehicle were involved in drug related criminal activity. Specifically, that he was driving from Pittsburgh, Pennsylvania to St. Louis, Missouri, and that he was delivering his next load in California. Additionally, the TFOs recent License Plate Reader ("LPR") sightings through border area states added to the belief that him and the vehicle were involved in drug related activity.

1

After consenting for the officers to search the vehicle, the officers searched the vehicle and found "several vacuum sealed bags containing multiple stacks of rubber-banded United States currency" on top of the cargo area of the van (Doc. 22 at 4). Each bag contained markings indicated the total amount of currency in each bag, which totaled $585,610.00. *Id*. TFO Gregory Degener ("TFO Degener") and TFO Kyle Waddington (TFO Waddington") responded to the traffic stop to assist. Klimashevsky indicated he was the owner of the money, and he signed the evidence bags claiming ownership. Klimashevsky and his vehicle were transported to the DEA office in Fairview, Illinois where he was interviewed by Special Agent Ryan Bandy and TFO John Simmons ("TFO Simmons").

The DEA asserts that on April 28, 2021, it mailed its notice of seizure to Plaintiff. (Doc. 18 at ¶ 1). The United States Postal Service tracking report reflects the notice approved at the USPS Regional Facility on April 29, 2021. (Doc. 19-1 at 11). According to the notice mailed, the deadline to file a claim was on June 2, 2021. (Doc. 19-1 at 8). The DEA also published notice of the seizure on Forfeiture.gov, which is an official internet government website. (Doc. 19-1 at 4). According to the online notice, the deadline to file a claim was on July 9, 2021, if the mailed notice was not received. *Id*.

Klimashevsky states he received the notice of seizure on July 28, 2021, and not at any time prior to July 26, 2021. (Doc. 19-2 at 2). Klimashevsky indicates in a sworn affidavit, that when he received the notice on July 28, it still had the return receipt card attached. (Doc. 19-2 at 2). On August 18, 2021, the DEA received a claim from Klimashevsky. (Doc. 19-1 at 14). In response to the claim, the DEA sent a letter to Klimashevsky's attorney, Richard A. Schonfeld, explaining that the claim was untimely because it was received after the claim deadlines. *Id*. at 16-17.

On September 30, 2021, the $585,610.00 in United States Currency was forfeited to the United States. On October 20, 2021, Klimashevsky filed his Motion to Set Aside Forfeiture Pursuant to 18 U.S.C. 983(e)(1) or in the Alternative Motion for Return of Seized Property Pursuant to Federal Rules of Criminal Procedure 41(G) and the Equitable Jurisdiction of This Honorable Court (Doc. 1). Now, Klimashevsky moves for summary judgment arguing that the "lack of tracking available from the United States Post Office and the fact that the United States Department of Justice Drug Enforcement Administration did not receive the return receipt back from their mailing" is sufficient to establish the DEA did not take reasonable steps to notify Klimashevsky of the forfeiture proceeding.

II.     **Law and Analysis**

   a.   **Motion to Set Aside Administrative Procedure**

The parties agree that 18 U.S.C. § 983(e) is the proper vehicle to hear a challenge to a completed administrative forfeiture based on the sufficiency of the government's notice to interested parties. *Troconis-Escovar v. United States*, 59 F.4th 273, 276 (7th Cir. 2023). Pursuant to section 983(e), a claimant may file a motion to set aside a declaration of forfeiture only if:

> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the *seizure* within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1) (emphasis added).

Therefore, Klimashevsky must prove 1) DEA knew or should have known his interest in the seized currency and failed to take reasonable steps to send him notice of the pending administrative forfeiture; and 2) Klimashevsky did not know or have reason to know of the seizure in time to file the claim by the claim deadline.

3

Klimashevsky argues that the lack of tracking from the USPS, and the fact DEA did not receive a return receipt from their mailing shows the DEA failed to take reasonable steps to provide notice. First, citing a case in the Second Circuit Court of Appeals, Klimashevsky argues that an "undelivered notice does not satisfy notice requirements." *Torres v. $36,256.80 U.S. Currency*, 25 F.3d 1161 (2d Cir. 1994). However, this Court must adhere to the caselaw from the Seventh Circuit Court of Appeals. As the Seventh Circuit has stated, while "[o]ther circuits have answered this question [whether written notice of forfeiture by certified mail satisfies due process] in various ways," the Seventh Circuit "decline[s] to adopt a per se rule…" *Garcia v. Meza*, 235 F.3d 287, 291 (7th Cir. 2000). Specifically, this circuit envisions a "a case-specific approach," which requires us to consider all the circumstances of each case to determine whether the notice provided is reasonably calculated to apprise the claimant of the impending proceeding." *Lobzun v. United States*, 422 F.3d 503, 507 (7th Cir. 2005).

First, the Seventh Circuit is clear "[w]ritten notice of forfeiture by certified mail to the claimant's residence generally satisfies due process even if the claimant does not receive actual notice." *Garcia v. Meza*, 235 F.3d 287, 290 (7th Cir. 2000); *see also Dusenbery v. United States*, 534 U.S. 161, 170, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) (due process does not require the government to provide actual notice). However, due process is not satisfied, "if the notifying party knew or had reason to know that the notice would be ineffective." *Krecioch v. United States*, 221 F.3d 976, 980 (7th Cir. 2000) (holding that written notice sent to claimant's residence after the government knew he had been incarcerated was inadequate).

The question here is the following: was the DEA sending the notice by certified mail, without confirming receipt, along with publication of notice of forfeiture reasonably calculated to apprise Klimashevsky of the intended forfeitures? The Court answers in the affirmative.

Here, Klimashevsky did have a reason to know of the *seizure* within the sufficient time to file a timely claim. He had actual knowledge of the seizure on March 3, 2021. Klimashevsky was present during the seizure, gave consent for the TFOs to search his vehicle, indicated that he was the owner of the money, and signed DEA receipts acknowledging currency was being sized by the DEA.

First, Klimashevsky argues that pursuant to *Garcia*, where Seventh Circuit found notice did not satisfy due process, this Court should similarly grant his motion. *Garcia*, 235 F.3d 287. However, this case is distinguishable from *Garcia*. In *Garcia* the claimants sought return of their property first by telephoning one of the agents involved in the seizure, then by suing the agents for conversion, and then by filing an administrative claim with the Immigration and Naturalization Service under the Federal Tort Claims Act (which the judge who dismissed their conversion case told them to do). While that case was pending, the United States Secret Service sent notices to the plaintiffs, which the post office returned to the secret service. Thus, in *Garcia* the government not only knew that its attempt to deliver written notice had failed, but also that the plaintiffs were actively seeking return of their property. Here, Klimashevsky had actual notice of the seizure, did nothing to seek return of his property, and the DEA had no reason to believe its attempt to deliver written notice had failed.

This Court finds this case is more akin to *U.S. v. Donovan*. 33 F. App'x 823, 826 (7th Cir. 2002). In *Donovan*, Mr. Donovan contended the DEA provided them constitutionally inadequate notice of forfeiture proceedings. The DEA seized his property, including a motorcycle and Chevrolet, from an investigation into his cocaine trafficking. The Seventh Circuit held this case differed from *Garcia*, where a government must sometimes supplement written notices if the notices were returned. *Id*. Mr. Donovan, the court determined, took no comparable steps signaling

his desire to contest the DEA's intended forfeitures. The court reasoned that the lack of steps could "be explained if Mr. Donovan did not know either that the seizures occurred or that he would need to initiate action to reclaim his property" but found that Mr. Donovan had been informed the DEA was "holding his Chevrolet and motorcycle." *Id*. at 826. Further, he was told his items would be processed as "drug assets" and he would have to "initiate measures to secure their return." *Id*. The court held in light of "Mr. Donovan's failure to take any action remotely akin to that in *Garcia*, we do not think the DEA needed to supplement its already adequate written notices." *Id*.

Because the law does not require actual notice, because there is no evidence the envelope was returned "undeliverable" potentially requiring the DEA to supplement its written notices, the fact the DEA published the notice online, and that Klimashevsky knew of the seizure within the sufficient time to file a timely claim, the Court will deny the motion.

### b. Federal Rule of Criminal Procedure 41(g)

In the alternative, Klimashevsky seeks the return of the $585,610 pursuant to Federal Rule of Criminal Procedure 41(g). This provision allows a person aggrieved from an unlawful search and seizure of property to request a return of that property before forfeiture proceedings have been initiated. However, once property has been administratively forfeited, Rule 41(g) is no longer available as a remedy. The only remedy available to a person with an interest in the property is under 18 U.S.C. § 983(e)(1). Rule 41(g) is not "the proper vehicle for challenging an administrative forfeiture," but is a way to seek recovery of seized but not forfeited property. *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004); *see also Troconis-Escovar v. United States*, 59 F.4th 273, 276 (7th Cir. 2023) ("But Rule 41(g) is not the proper vehicle for challenging an administrative forfeiture.").

### III. Conclusion

Based on these reasons the Court **DENIES** Klimashevsky's motion for summary judgment (Doc. 16).

**IT IS SO ORDERED.**
**DATED:  March 7, 2023**

                                          <u>/s/ J. Phil Gilbert</u>
                                          J. PHIL GILBERT
                                          U.S. DISTRICT JUDGE